**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TERENCE B. BURKE,** | Case No. 6:10-CV-6263-TC |
| Plaintiff, | |
| vs. | Defendant's<br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS AND OPPOSITION<br>TO MOTION FOR PRELIMINARY<br>INJUNCTION |
| **WELLS FARGO BANK N.A.,** | |
| Defendant. | |

## I.  INTRODUCTION

Pro se litigants have become increasingly common in recent years.  While they may not have an attorney's level of knowledge about the legal system, they must still comply with the Federal Rules of Civil Procedure.  Thus, if a pro se complaint fails to meet the bare minimum pleading requirements, the Court should dismiss it just like any unmeritorious complaint from a represented party.  This is just such a case.

This case involves a dispute over a residential loan and trust deed.  On or about November 28, 2006, plaintiff Terence Burke borrowed $260,000 (the "Loan") from World Savings Bank, FSB, in exchange for his promise to repay the loan with interest and execution of

PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
        TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

a trust deed on property at 771 Shadow Wood Drive, Bend, Oregon ("the Property").  Wells Fargo Bank, N.A. ("Wells Fargo") (improperly named in the summons) is the current holder of the note evidencing the Loan and the beneficiary of the deed of trust executed by plaintiff by merger to Wells Fargo Bank Southwest, N.A., fka Wachovia Mortgage, FSB, fka World Savings Bank, FSB.

Wells Fargo commenced nonjudicial foreclosure proceedings with regard to the Property on February 11, 2010.  On March 22, 2010, plaintiff, using the name "Terence Bentley Burke," purported to convey the Property to "771 Shadow Wood Trust," an entity with the same mailing address listed by plaintiff on the summons issued in this matter.  On October 8, 2010, plaintiff Terence Burke, acting pro se, filed an "Original Petition" and "Preliminary Injunction," against Wells Fargo in which he sought to enjoin Wells Fargo from foreclosing on the Deed of Trust and seeks compensatory and punitive damages.

Plaintiff's Original Petition, which is apparently copied from the Internet and does not allege any facts specific to plaintiff's claims, alleges causes of action for unjust enrichment, quiet title, breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing, violations of the Truth In Lending Act (15 U.S.C. § 1601 et seq.), and intentional infliction of emotional distress.

For the reasons discussed more fully below, the Court should dismiss plaintiff's Original Petition in its entirety with prejudice:

1.  Plaintiff's claims for breach of fiduciary duty, negligence, fraud, violation of TILA, and intentional infliction of emotional distress are all time-barred;

2.  Plaintiff lacks standing to bring a claim for rescission under TILA;

3.  Plaintiff does not allege any facts *at all* in support of his various causes of action;

In short, plaintiff fails to state any valid cause of action.  Therefore, the Court should dismiss the Original Petition with prejudice.

PAGE 2 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
           TO MOTION FOR PRELIMINARY INJUNCTION

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## II.  STATEMENT OF FACTS

Plaintiff's Original Petition contains virtually no specific facts other than:

A.      Plaintiff "entered into a consumer contract for the refinance of a primary residence located at 771 Shadow Wood Drive, Bend OR 97702 * * *."  (*See* Original Petition ¶¶ 10-11.)

B.      Plaintiff was charged various fees at closing.  (*Id.* at ¶¶ 305-312.)

Plaintiff does not allege any other facts in support of his claims against WELLS FARGO. The loan documents show that on November 28, 2006, plaintiff obtained a $260,000 loan from World Savings Bank, FSB (the predecessor-in-interest of Wells Fargo), secured by a deed of trust on real property located at 771 Shadow Wood Drive, Bend, Oregon.  (*See* Declaration of Pilar C. French in Support of Defendant's Request for Judicial Notice or Incorporation by Reference and Motion to Dismiss and Response to Motion for Preliminary Injunction ("French Decl."), Ex. 1 (Note) and Ex. 2 (Deed of Trust).)  Plaintiff has now sued Wells Fargo, the successor-in-interest of World Savings Bank, FSB.  Foreclosure proceedings have commenced pursuant to a Notice of Default and Election to Sell Under Terms of Trust Deed, recorded February 11, 2010, in the official records of Deschutes County, Oregon, a copy of which is attached as Ex. 3 to the French Decl.  After the commencement of foreclosure proceedings, plaintiff, using the name "Terence Bentley Burke," executed and caused to be recorded a Special Warranty Deed dated March 22, 2010, which purports to convey the Property to "771 Shadow Wood Trust" ([sic]—<u>not</u> the trustee of any such trust), which entity has the same address as that set forth by the plaintiff in the summons in this matter.  A copy of said deed is attached as Ex. 4 to the French Decl.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a

PAGE 3 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
                   TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). Time-barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. State of California,* 784 F.2d 910, 913-15 (9th Cir. 1986). The purpose of a 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir., 2003). Indeed, the Supreme Court recently confirmed the requirements that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

The Supreme Court outlined two "working principles" for applying the *Twombly* standard in the motion to dismiss context: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft,* 129 S. Ct. at 1949-50 (citing *Twombly,* 550 U.S. at 555-56). The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and

PAGE 4 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
            TO MOTION FOR PRELIMINARY INJUNCTION

common sense, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' —that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

In evaluating a motion to dismiss, the court must construe plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true. *Shwarz v. U.S.,* 234 F.3d 428, 435 (9th Cir. 2000). The court need not accept as true, however, allegations that contradict facts that may be judicially noticed. *Id.* When a plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may do so as part of its motion to dismiss. *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). Such documents are not considered to be outside the pleadings. *Id.* This Court also may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Here, Wells Fargo has requested the Court to take judicial notice of several documents referred to in plaintiff's Original Petition, as well as documents of public record. (*See* Defendant's Request for Judicial Notice.)

Moreover, allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). When pleading a fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted). In addition, "[s]uch allegations must define the specific involvement of the individual defendants." *ITI Internet Services, Inc. v. Solana Capital Partners, Inc.,* 2006 WL 1789029 at *1, *8 (W.D. Wash. 2006) (citation omitted). Where, as here, the Original Petition accuses several unidentified defendants of participating in an alleged fraudulent scheme,

PAGE 5 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
          TO MOTION FOR PRELIMINARY INJUNCTION

"Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations * * * and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and quotations omitted). Conclusory allegations that defendants were acting in concert with, or were principals of, agents who were making false statements without any factual basis are insufficient to satisfy Rule 9(b). *Id.* at 765; *see also ITI Internet Services, Inc. v. Solana Capital Partners, Inc.*, 2006 WL 1789029 at *8-*9 (W.D. Wash. 2006). Here, the plaintiff recites a number of legal conclusions and states no plausible claims for relief. Therefore, plaintiff's Original Petition should be dismissed.

## IV.  LEGAL ARGUMENT

### A.    Plaintiff Has Not Properly Commenced an Action Against Wells Fargo.

The purpose of Fed. R. Civ. P. 8, providing general rules of pleading, is to protect defendants from undefined charges and keep federal courts free of frivolous suits. *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D. N.Y. 1982). In order to allow a defendant to frame a responsive pleading, Fed. R. Civ. P. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(1) requires each averment to be "simple, concise, and direct." Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances." Plaintiff's Original Petition fails to satisfy any of these requirements.

Plaintiff's pleading does not clearly and concisely allege the legal basis for this action. Plaintiff's use of random legalese, cases, and conclusory language does not establish that plaintiff is entitled to any relief, and they do not reasonably apprise Wells Fargo of the claim or claims plaintiff alleges against it. Plaintiff's Original Petition appears to have been copied from a Web site and has been used, almost verbatim, by other pro se litigants. This exact complaint has been deemed "wholly devoid of any factual basis supporting Petitioner's many legal conclusions" in a similar action in the Central District of California. (*Avetisyan v. BAC Home*

PAGE 6 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
               TO MOTION FOR PRELIMINARY INJUNCTION

*Loans, f/ka Countrywide*, United States District Court, Central District of California, Case No. CV 10-05655 JHN (AGRx) ).  Judge King recently ruled that this nearly identical complaint, filed in another similar action, should be dismissed with prejudice and that "the deficiencies in all of plaintiff's claims cannot be cured by amendment."  (See (*Vasconcellos v. Wells Fargo*, U.S. District Court Case No. 10-CV-757-KI).)  Therefore, this Original Petition should be dismissed in ***this*** case as well.

**B.    Plaintiff Has Failed to State a Claim for Unjust Enrichment.[1]**

In order to establish a claim for unjust enrichment, "a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it."  *Volt Services Group v. Adecco Employment Services*, 178 Or. App. 121, 133 (2001), *rev. denied*, 333 Or. 567, 42 P.3d 1246 (2002).  *See also L.S. Henriksen Constr., Inc. v. Shea*, 961 P.2d 295, 296-97 (Or. Ct. App. 1998).  The *Henriksen* court further stated that "a complaint must contain allegations that the 'enrichment' was 'unjust.'  The mere fact that a benefit was conferred is insufficient."  *Id.* at 297.

Here, the Original Petition not only fails to assert that plaintiff conferred a benefit on defendant, but also fails to allege how retention of any such benefit by defendant would be unjust.  Defendant received only those payments that plaintiff contractually agreed to pay.  Plaintiff's Original Petition fails to allege any fact upon which a claim for unjust enrichment could be made.

---

[1] Plaintiff has interspersed vague legal theories for relief within the narrative of the Original Petition, which is essentially a condemnation of the mortgage industry at large.  Defendant's Motion to Dismiss has attempted to address all of the possible causes of action raised in the Original Petition.  To the extent that plaintiff seeks relief under a legal theory that this Motion to Dismiss does not address, any such claim necessarily fails for the reason that plaintiff does not allege any facts in support of his Original Petition.

PAGE 7 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
               TO MOTION FOR PRELIMINARY INJUNCTION

C.    **Plaintiff Has Failed to State a Claim to Quiet Title.**

Quiet title is a legal theory upon which a court can fashion an equitable remedy.  It is not a cause of action unto itself.  In general, a party may seek to quiet title when there is no adequate remedy at law.  ORS 105.605.  *See also, Hall v. Smith*, 523 P.2d 1254 (Or. Sup. Ct. 1974).  Plaintiff fails to provide any facts to support a claim that there is not an adequate remedy at law.  (Original Petition at 18:501-515.)  Instead, plaintiff merely states a series of summary legal conclusions to the effect that  "Petitioner's bases for quiet title are meritorious * * *."  (*Id.* at 504.)

D.    **Plaintiff Has Failed to State a Claim for Breach of Fiduciary Duty.**

Plaintiff alleges that unspecified "Defendants Agent [sic], appraiser, trustee, Lender [sic], et al, [sic] and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions * * *."  (Original Petition at 19:534-535)  Plaintiff further alleges that "[d]efendants breached their duties to Petitioner by, inter alia" failing to comply with federal legislations governing the disclosure of mortgage loan terms.  (*Id.* at 20:537-540.)  But this claim fails for at least two independent reasons:  (1) it is time-barred; and (2) defendant does not owe plaintiff a fiduciary duty as a matter of law.

1.    **Plaintiff's claim for breach of fiduciary duty is time-barred.**  ORS 12.110 provides that an action for breach of fiduciary duty must be commenced within two years of the of the purported breach or injury.  *See also, Vasconcellos v. Wells Fargo Home Loan Mort.*, 2010 WL 3732232, at *5 (Dist. Or. 2010) (applying two-year statute of limitations to breach of fiduciary duty claims).  Here, plaintiff's loan documents are dated November 28, 2006.  Plaintiff then waited until October 8, 2010—*nearly four years later*—to file the instant action.  As such, plaintiff's claim for breach of fiduciary duty is time-barred.

2.    **Wells Fargo does not owe plaintiff a duty as a matter of law.**  Plaintiff cannot plead a claim for breach of fiduciary duty against Wells Fargo.  As plaintiff's successor-in-interest lender, Wells Fargo's relationship with plaintiff is merely arm's length, not fiduciary in

PAGE 8 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
           TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

nature.  *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 649-650, 891 P.2d 639 (1995) (affirming dismissal for failure to state a claim and finding allegations of special relationship or duty were not supported by the parties' arms-length debtor-creditor relationship).  *See also, Vasconcellos v. Wells Fargo Home Loan Mort.,* 2010 WL 3732232, at *5 (Dist. Or. 2010).  As a successor-in-interest lender, Wells Fargo does not have a fiduciary relationship with plaintiff.

Furthermore, even if there were a fiduciary duty owed, plaintiff has failed to plead any facts establishing that Wells Fargo breached such a duty.  Instead, plaintiff makes a conclusory claim that Wells Fargo must have breached a fiduciary duty because it breached TILA, HOEPA, and RESPA.  Plaintiff does not specify how Wells Fargo allegedly violated those federal statutes. Nor does plaintiff explain why alleged violations of those acts can be converted into a claim for breach of fiduciary duty.

Accordingly, plaintiff cannot prevail on his claim for breach of fiduciary duty because the claim is time-barred and because Wells Fargo is not in a fiduciary relationship with, and does not owe a fiduciary duty to, plaintiff.

**E.    Plaintiff's Complaint Fails to State a Claim for Negligence/Negligence Per Se.**

Plaintiff asserts that Wells Fargo, with respect to plaintiff, "owed a general duty of care" and a "duty of care under TILA, HOEPA, RESPA, and the Regulations X and Z promulgated thereunder." (Original Petition at 19 and 20:546-553.)  For the same reasons plaintiff's breach of fiduciary duty claims are time-barred, so are his negligence claims.  ORS 12.110.  In any case, Wells Fargo did not and does not owe a general duty of care to plaintiff, nor does it owe him a duty of care under the aforementioned statutes.

**1.    Wells Fargo did not owe or breach a duty to plaintiff.**  In Oregon, negligent "liability for purely economic harm 'must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent reasonable harm.'"  *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP,* 336 Or. 329, 341, 83 P.3d 322

PAGE 9 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
             TO MOTION FOR PRELIMINARY INJUNCTION

(2004) (*citing Onita Pacific Corp. v. Trustees of Bronson*, 315 Or. 149, 159, 843 P.2d 890 (1992), *rev. denied,* 318 Or. 170, 867 P.2d 1384 (1993). The Oregon Supreme Court has held that a "special relationship" exists only between "certain professionals" (lawyers, physicians, engineers, and architects) and their clients, and those in which parties take on the roles of agent and principal, trustee and beneficiary, pledgee and pledgor, and insurer and insured. *Conway v. Pacific University,* 324 Or. 231, 239, 924 P.2d 818 (1996). As explained by the Court of Appeals:

> [t]he common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the professional is acting, at least in part, to further the economic interests of the person to whom the duty is owed.

*Ammons v. Jackson County,* 119 Or. App. 181, 184, 850 P.2d 376, *rev. denied*, 318 Or. 24 (1993). Where, however, the two parties are negotiating at arms-length to further their own interests, the relationship is "adversarial," and economic losses arising from alleged negligent conduct is not actionable. *Onita*, 315 Or. at 161-62.

Here, plaintiff has not alleged, and cannot allege, that a special relationship exists between him and Wells Fargo. Instead, plaintiff claims that Wells Fargo negligently performed certain contractual obligations. Those are not facts that support a claim for negligence under Oregon law. A contractual relationship is not "special." *See Stevens v. First Interstate Bank of California,* 167 Or. App. 280, 999 P.2d 551 (2000), *rev. denied*, 321 Or. 429 (2000).

2.      **Wells Fargo did not owe plaintiff a statutory duty of care.** Neither does Wells Fargo owe a duty of care to plaintiff under TILA, HOEPA, RESPA, or RESPA's Regulations X and Z. As a preliminary matter, any claim that plaintiff could conceivably assert under those statutes is time-barred by the applicable one-year and three-year statutes of limitations, as plaintiff signed loan documents dated November 28, 2006, and this action was filed in October 2010. The time period to bring an action under TILA for rescission is three years and for damages is one year from the date of the violation. 15 U.S.C. §§ 1635(f), 1640(e); *see also Miguel v. Country*

PAGE 10 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
            TO MOTION FOR PRELIMINARY INJUNCTION

*Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) (Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation."). The date of the violation refers to the date "the loan documents were signed." *Meyer v. Ameriquest Mortg. Co*. 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986) (limitation period begins to run on the "date of the consummation of the transaction or upon the sale of the property, whichever occurs first"). HOEPA is an amendment to TILA and has the same applicable statute of limitations. *Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008). Further, RESPA claims under 12 U.S.C. § 2607 "against kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA claims under 12 U.S.C. § 2605 are subject to a three-year limitations period. 12 U.S.C. § 2614. The limitations period begins to run at closing. *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (2003). Despite plaintiff's survey of the landscape of federal law regarding equitable tolling of these statutory claims (*see* Original Petition at 14:374-15:406), plaintiff fails to identify any facts or circumstances that might toll the statutes of limitation and/or repose in this case; thus, all such periods have expired, and plaintiff's statutory claims are time-barred.

Wells Fargo did not and does not owe either a common law or statutory duty of care to plaintiff. Moreover, any and all negligence theories, statutory or otherwise, asserted by plaintiff are time-barred. Accordingly, plaintiff cannot prevail on his claim for negligence/negligence per se.

**F.    Plaintiff Fails to State a Claim for Common Law Fraud.**

Plaintiff fails to allege a cause of action for fraud against Wells Fargo. It is unclear against whom the "Agent: Common Law Fraud" action is asserted. Instead of naming any

PAGE 11 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
            TO MOTION FOR PRELIMINARY INJUNCTION

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

individuals allegedly liable for fraud, plaintiff instead makes vague references to certain "Agents." (Original Petition at 21:565- 15:578.) Plaintiff defines "Agent" as "the person or entity who receives any portion of the yield spread premium, or a commission of any kind consequent to securing the loan agreement through from the borrower." (Original Petition at 5:124-126.) This definition of "Agent" does not apply to Wells Fargo as a successor-in-interest lender, but instead applies to brokers who, as plaintiff describes, should "seek out the best deal for [their] client" when securing a loan agreement. (Original Petition at 5:128.) That fact notwithstanding, Wells Fargo is the only named defendant in this action. No "Agents," brokers, lenders, or other parties were identified by plaintiff. Plaintiff's Original Petition attempts to assert a fraud claim against unidentified non-parties, but states no claim against Wells Fargo.

1.    **Plaintiff's fraud claim is barred by the applicable statute of limitations.** In Oregon, an action for fraud must be commenced within two years; "provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit." ORS 12.110. *See also Vasconcellos v. Wells Fargo Home Loan Mort.,* 2010 WL 3732232, at *5 (Dist. Or. 2010). For purposes of the statute, a plaintiff "discovers" the fraud when the plaintiff knew or should have known of it. *Bell v. Benjamin,* 232 Or. App. 481, 485-85, 222 P.3d 741, 744 (2009). Whether the plaintiff knew or should have known is analyzed in two steps. *Id.* First, it must appear that plaintiff had sufficient knowledge to excite her attention and put her on guard or call for an inquiry. *Id.* Second, if plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud. *Id.* Although the jury typically determines whether plaintiff knew or should have known of the fraud, where only one conclusion can be reasonably drawn, the question is for the court. *Id.*

In *Bell*, plaintiff argued that the defendants defrauded him in the sale of his home when they failed to pay him certain monies at closing. *Id.* The court found that plaintiff's claims were time-barred because, as a matter of law, plaintiff was aware at closing that he did not receive the funds and his suit was filed more than two years after the closing date. *Id.* For the same reasons,

PAGE 12 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION

plaintiff's fraud claim is time-barred.  Here, plaintiff contends that he was induced into taking out a loan he could not afford.  (Original Petition at 9:259-260.)  Plaintiff reviewed, read, and signed the loan documents specifying the repayment terms effective November 28, 2006. (French Decl. Exs. 1 and 2.)  Plaintiff was thus on notice of any purported fraud as of that date and was required to assert this claim no later than November 28, 2008.

       2.       **Plaintiff has not alleged any facts to establish a fraud claim.**  Plaintiff repeatedly alleges that he is suing for fraud.  (Original Petition at 6:157-167, 6:176-177, 6:178-182; 7:183-184, 9:242 and 249-250.)  The gist of plaintiff's complaint appears to be that the originating lender induced him into agreeing to a loan that he could not afford.  (*Id.* at 9:247-257.)  Plaintiff concedes, however, that Wells Fargo did not originate this loan, but rather acquired it by assignment.  (*Id.* at 9:220-225).  Plaintiff has failed to plead facts with sufficient particularity to establish why Wells Fargo is liable for any purported misrepresentation committed by the originating lender.  *See Chavez v. United Mortgage Services, Inc.,* 2009 WL 4505439, at *4 (D. Or.) (dismissing plaintiff's fraud claim against a loan assignee where plaintiff only provided legal conclusions concerning assignee's involvement).

       In addition, plaintiff's Original Petition fails to plead with sufficient particularity what the originating lender did to commit a fraud on plaintiff.  To state a claim for fraud, plaintiff must allege with particularity the circumstances that establish each of the following elements: (a) that each defendant made a false representation of a material matter; (b) that each defendant knew the representation was false; (c) that each defendant knew that he was misleading plaintiff; (d) that plaintiff reasonably relied on the representation; and (e) that each plaintiff was damaged as a direct result of his or her reliance on the representation.  *Riley Hill General Contractor v. Tandy Corp.,* 303 Or. 390, 405, 737 P.2d 595 (1987).  Plaintiff has not alleged fraud with the requisite specificity.  In fact, plaintiff has alleged ***no specific actions on the part of any party*** such as might support a claim for common law fraud.

PAGE 13 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
                TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Plaintiff cannot prevail on the merits of his claim for common law fraud because he does not assert it against a named party to the litigation, because he fails to plead fraud with any specificity and because it is time-barred.

## G.     Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law.

Plaintiff also purports to assert a claim for breach of the implied covenant of good faith and fair dealing.  The factual allegations supporting the claim are conclusory, stating only that "Defendants" breached their duty of good faith and fair dealing when they withheld numerous disclosures and failed to comply with underwriting standards and other terms, and initiated foreclosure proceedings.  (Original Petition at 21:588-22:622.)   Except for initiation of foreclosure proceedings, the conduct alleged, however, is all with respect to matters involved in the loan's origination.

If plaintiff articulates an injury, it flows from the terms of the contract plaintiff signed but now contends was breached.   But to the extent that Wells Fargo—or other unidentified defendants—have proceeded pursuant to the express terms of the contract, there can be no claim for breach of the implied covenant of good faith and fair dealing.  *See Stevens v. Foren*, 154 Or. App. 52, 58, 959 P.2d 1008 (1998) ("[t]he duty of good faith and fair dealing cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract").  *See also Pacific First Bank v. New Morgan Park Corp.*, 319 Or. 342, 876 P.2d 761 (1994).  Therefore, plaintiff's claims for breach of the implied covenant of good faith and fair dealing fail as a matter of law.

## H.     Plaintiff's Complaint Fails to State a Claim for Violation of Truth in Lending Act 15 U.S.C. § 1601 et seq. Because it is Time-Barred and Fails to State Any TILA Violation.

Plaintiff also alleges that Wells Fargo violated the federal Truth In Lending Act ("TILA").  (Original Petition at 22:625-630.)   Plaintiff claims that unspecified violations "invalidate[] Defendant's claimed interest in the Subject Property, and entitles Petitioner to

PAGE 14 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION

damages as proved at trial." *Id.* However, plaintiff lacks standing to bring this claim, which is both time-barred and unsupported by facts. The lack of standing is only emphasized by plaintiff's attempt to convey the property by means of the special warranty deed described above in the Statement of Facts.

1.      **Plaintiff's TILA claim is time-barred.** As more fully discussed in Section E.2. *infra*, the time period to bring an action under TILA for rescission is three years and for damages is one year from the date of the violation. 15 U.S.C. §§ 1635(f), 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation."). The loan documents at issue were dated November 28, 2006, and this action was filed in October 2010. Accordingly, plaintiff's TILA claim is barred by the one-year statute of limitations.

2.      **Plaintiff fails to allege a breach of TILA by defendant.** Even if plaintiff's TILA claims were timely, plaintiff has not—and cannot—allege any violation of TILA. TILA and Regulation Z, the regulation that defines credit disclosure requirements under TILA, contain specific disclosure requirements that will give rise to a TILA violation if not followed by the creditor. *See* 15 USC § 1638(a), (b), (c). Plaintiff's TILA claim, however, contains only general allegations about the loan; it fails to include what specific disclosures Wells Fargo allegedly did not make, and how Wells Fargo's conduct violated TILA. Such allegations are insufficient to satisfy the facial plausibility standard established in *Twombly* and *Iqbal.*

Plaintiff also contends in an impermissible and conclusory fashion that he is entitled to damages under TILA. (Original Petition at 22:628-630). This contention is incorrect for a number of reasons. First, plaintiff concedes that Wells Fargo is merely an assignee. (*Id.* at 8:229-230.) Accordingly, in order to be entitled to damages, plaintiff must allege that the purported TILA violations were apparent on the face of the loan documents Wells Fargo

PAGE 15 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
              TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

acquired. 15 U.S.C. § 1641(e); *see also Bushong v. Paramount Equity Mortgage, Inc.*, 2010 WL 3945256 (Dist. Or. 2010), at *5 (holding that plaintiff cannot recover statutory damages or attorneys' fees against an assignee under TILA absent allegations that the disclosure violations were apparent on the face of the documents); *Russell v. Mortgage Solutions Management, Inc.,* 2010 WL 3945109 (Dist. Or. 2010), at *2 (same). Plaintiff's Original Petition is devoid of any such allegation and, in fact, fails to provide any factual detail whatsoever as to how TILA was violated. Accordingly, plaintiff is not entitled to statutory damages. Even if plaintiff was entitled to such damages, his claimed damages of $595,082.67 are far beyond the scope of what is permitted under TILA. (Original Petition at 23:664.) *See generally* 15 U.S.C. § 1640(a) (limiting damages to actual damages and statutory damages of not greater than $4,000).

I.    **Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.**

Plaintiff's final claim for relief alleges intentional infliction of emotional distress. (Original Petition at 22:632-23:650.) But this claim, like the rest of plaintiff's claims, is time-barred and unsupported by any facts.

1.    **Plaintiff's claim for intentional infliction of emotional distress is time-barred.** Plaintiff's claim for intentional infliction of emotional distress fails because it is time-barred. Like plaintiff's other tort claims, this claim is subject to, and barred by, the two-year statute of limitations. ORS 12.110. Plaintiff's claim is also factually deficient.

2.    **Plaintiff's claim fails to allege extreme or outrageous conduct or severe emotional distress.** To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must plead and prove the following: (a) the defendant intended to inflict severe emotional distress on the plaintiff; (b) the defendant's acts were the cause of the plaintiff's severe emotional distress; and (c) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty v. Staudenraus,* 321 Or. 532, 543, 901 P.2d 841 (1995) (quoting *Sheets v. Knight,* 308 Or. 220, 236, 779 P.2d 1000 (1989)); *see*

PAGE 16 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
           TO MOTION FOR PRELIMINARY INJUNCTION

*also Campbell v. Safeway, Inc.*, 332 F. Supp. 2d 1367, 1376 (D. Or. 2004). Plaintiff has not alleged facts sufficient to establish any element of his IIED claim.

The first essential element of an IIED claim is that the defendant "intended to inflict severe emotional distress" on the plaintiff, or that defendant "knew that such distress was substantially certain to result from a volitional act." *See Babick v. Oregon Arena Corp.,* 333 Or. 401, 412 (2002). Conduct that is merely "reckless" does not satisfy the element of intent in an action for IIED. *Snead v. Metropolitan Prop. & Cas. Ins. Co.,* 909 F. Supp. 775, 779 (D. Or. 1996), *aff'd,* 116 F.3d 486 (9th Cir. 1997).

Plaintiff does not allege any facts showing that Wells Fargo intended to inflict emotional distress on plaintiff. Instead, he merely alleges that "Defendants" "knew" or "acted in conscious and/or reckless disregard" that its conduct would cause plaintiff severe emotional distress. (Original Petition at 23:636-638.) Nor does plaintiff plead facts to establish the severity of his distress. To recover damages under a claim for IIED, plaintiff's emotional distress must be severe. *Rockhill v. Pollard*, 259 Or. 54, 63, 485 P.2d 28 (1971). Plaintiff merely makes bald, factually unsupported conclusions that he suffered severe emotional distress. (Original Petition at 23:639-640.) Therefore, the second element of an IIED claim is not met by the allegations of the complaint.

The third element of an IIED claim—that "the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct"—is also lacking in this case. Socially intolerable conduct is conduct that is "outrageous in the extreme." *Patton v. J. C. Penney Company*, 301 Or. 117, 124 (1986*), abrogated on other grounds, by McGanty*, 321 Or. at 544. In *Araujo v. General Elec. Information Serv.*, 82 F. Supp. 2d 1161 (D. Or. 2000), the court described the kind of conduct that is sufficient to support an IIED claim:

> A claim for [IIED] may be established only where the conduct in question is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

PAGE 17 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

*Araujo*, 82 F. Supp. 2d at 1174 (quoting *Rockhill v. Pollard,* 259 Or. 54, 59-60 (1971)).  Conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy the high standard that the defendant's acts be an extraordinary transgression of the bounds of socially tolerable conduct.  *Patton*, 301 Or. at 124.  As the court explained in *Delaney v. Clifton*, 180 Or. App. 119, 41 P.3d 1099 (2002):

> [W]e have identified no Oregon case in which the conduct that was the basis for an IIED claim was alleged to have been merely negligent and nevertheless was determined to be actionable.  If anything, the cases suggest that conduct that is negligent, mistaken, or otherwise remiss rather than deliberate, intentional or engaged in by design will not support a claim for IIED.

*Delaney,* 180 Or. App. at 137.

In the following cases, the courts found that conduct, although egregious, did *not* "constitute an extraordinary transgression of the bounds of socially tolerable conduct:"

- Directing plaintiffs to hold hands with co-workers, surrender their office keys, accusing them of being liars and saboteurs, terminating their employment, refusing to explain the conduct and ordering them off the employer's premises held insufficient to state a claim for IIED.  *Watte v. Mayens,* 112 Or. App. 234, 238-39 (1992).

- Employer's decision to terminate plaintiff in public and in front of his family was conduct that fell "far short of the truly egregious conduct required to support [an IIED] claim."  *Araujo*, 82 F. Supp. 2d at 1174.

- Doctor had intentionally made false statements to induce another physician to breach the confidentiality of sealed medical records, which resulted in an adopted child being able to locate her biological mother, against the mother's request.  Court held this was insufficient to support an IIED claim, noting that "lack of foresight, indifference to possible distress, even gross negligence is not enough to support this theory of recovery."  *Humphers v. First Interstate Bank of Oregon*, 68 Or. App. 573, 577 (1984).

In short, these cases show that, in order to support a claim for IIED, the conduct at issue must truly be "outrageous in the extreme."  *Patton*, 301 Or. at 124.  Plaintiff's allegations fail to meet this standard.  At best, plaintiff has merely alleged facts to support a contract dispute.  Plaintiff has failed to allege any specific facts showing outrageous conduct by Wells Fargo.

PAGE 18 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION

## V.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's pleading labeled "Preliminary Injunction" is essentially a rehash of the allegations of the complaint.  Plaintiff's motion for a preliminary injunction should be denied on the grounds that:  (i) plaintiff is unlikely to prevail on the merits; (ii) plaintiff has not offered to post the bond that would be required; and (iii) plaintiff, by his own actions, has called into question his ownership of the Property, and therefore his standing to seek the injunctive relief requested.

**A.    Plaintiff is Unlikely to Prevail on the Merits.**

For all the reasons recited above in support of defendant's motion to dismiss, plaintiff's claims are without merit and warrant dismissal with prejudice.  The various claims set forth in the "Original Petition" either fail to properly state a cause of action or are time-barred.  Furthermore, plaintiff has not denied that he has defaulted on his obligations under the Loan documents, and does not allege that he can cure those defaults.  In *Hogan v. NW Trust Services,* 2010 WL 1872945, at *5 (May 7, 2010), this court recently rejected a claim of plaintiff on the basis that the claim amounted to nothing more than a collateral attack on Oregon foreclosure law, stating:

> Nor do plaintiffs deny that they are in default on their loans or offer anything to indicate that they were able to tender the debt in order to disrupt the non-judicial foreclosure.

Here as in *Hogan*, plaintiff's suit is deficient, and defendant has commenced foreclosure proceedings.  It is simply not within the realm of likelihood that plaintiff will prevail on the merits of this matter.

**B.    Plaintiff Has Not Offered to Post the Required Bond.**

Fed. R. Civ. P. 65(c) provides that:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

PAGE 19 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

The failure of plaintiff to offer security as required serves as a further reason why plaintiff's request for injunctive relief must be denied.

**C.      Plaintiff May Not Be the Owner of the Subject Property.**

Plaintiff has attempted to convey to an entity of uncertain provenance his ownership of the Property by means of the Special Warranty Deed described above.  (French Decl. Ex. 3.)  If plaintiff has conveyed the Property to another, plaintiff has no interest in the Property to protect by means of the requested injunction.  In the face of this uncertainty as to plaintiff's standing to request injunctive relief, his motion should be denied.

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's Original Petition should be dismissed in its entirety and with prejudice, and his motion for preliminary injunction should be denied.

DATED:  October 29, 2010

                LANE POWELL PC


                By_____/s/  Pilar C. French_____
                    Pilar C. French, OSB No. 962880
                    Telephone:  503.778.2170
                Attorneys for Defendant

PAGE 20 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION
            TO MOTION FOR PRELIMINARY INJUNCTION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2010, I caused to be served a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION on the following person(s) in the manner indicated below at the following address(es):

Terence Burke
771 Shadow Wood Drive
Bend, OR 97702  (name and address in complaint)

     and

Terence B. Burke
PO Box 658
Sisters, OR 97301  (name and address in summons)

☐    by **CM/ECF**
☐    by **Electronic Mail**
☐    by **Facsimile Transmission**
☒    by **First Class Mail**
☐    by **Hand Delivery**
☐    by **Overnight Delivery**

/s/  Pilar C. French
_____
Pilar C. French

CERTIFICATE OF SERVICE